## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL CASE NO. |
| v. | 1:11-CR-00391-RWS-RGV |
| LLOYD ELLIS | |

## MAGISTRATE JUDGE'S FINAL REPORT, RECOMMENDATION, AND ORDER

On December 12, 2012, the undersigned Magistrate Judge conducted a pretrial conference in this case and addressed several motions filed by defendant Lloyd Ellis ("defendant"). For the reasons stated herein and on the record at the pretrial conference, defendant's "Preliminary Motion to Sever," [Doc. 172], "Motion for Production of Presentence Reports of Government Witnesses," [Doc. 176], "Motion for Pre-Trial Production of Grand Jury Transcripts of Government Witnesses," [Doc. 177], and "Motion for Disclosure of Informants and Pre-Trial Production of Brady and Giglio Material," [Doc. 178], are **DENIED**, defendant's "Motion for Bill of Particulars," [Doc. 175], is **GRANTED IN PART** and **DENIED IN PART**, and it is **RECOMMENDED** that defendant's "Preliminary Motion to Suppress," [Doc. 170], "Preliminary Motion to Suppress Statements of Defendant," [Doc. 171], and "Preliminary Bruton Motion to Suppress Statements of Non-Testifying Co-

Defendants," [Doc. 173], be **DENIED** as moot, and that defendant's "Motion to Dismiss for Lack of Venue," [Doc. 179], be **DENIED**.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant is charged along with several co-defendants with conspiring to possess with the intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii). [Doc. 1].[2] The case has been consolidated for trial with Case No. 1:10-cr-162-RWS-RGV, [Doc. 135], and the trial is scheduled to commence on January 7, 2013, [id. at 3]. The indictment in this case was returned on August 9, 2011, but defendant was not apprehended until his arrest by the U.S. Marshals on November 9, 2012, in the Eastern District of Pennsylvania. [Doc. 152-2 at 4]. Defendant made his initial appearance in this district on November 28, 2012, [Doc. 155], and counsel was appointed to represent him on that date, [Doc. 156]. On December 11, 2012, defendant filed the pending motions, [Docs. 170-179], and at the pretrial conference on December 12, 2012, the Court heard argument from counsel on the motions and entered rulings on the record, as summarized herein.

---

[1] Three motions *in limine* filed by the parties, [Docs. 151, 174 & 180], were deferred to the District Judge.

[2] Count Two of the indictment charges certain co-defendants with a money laundering conspiracy in violation of 18 U.S.C. § 1956(h), but defendant is not named in that count. [Doc. 1 at 2-4]. The indictment also includes a forfeiture provision. [Id. at 4-6].

## II. DISCUSSION

### A. Motions to Suppress Evidence and Statements, [Docs. 170 & 171]

Defendant filed a preliminary motion "to suppress any and all evidence illegally seized by law enforcement agents" in violation of defendant's rights, [Doc. 170 at 1], and a preliminary motion "to suppress any and all statements of any nature obtained from him by government agents," [Doc. 171 at 1]. At the pretrial conference, the prosecutor reported that no evidence as to which defendant would have standing to move to suppress was seized and that defendant did not make any statements to law enforcement that the government intends to use at trial. Defendant has not specified any evidence he contends should be suppressed nor has he identified any statements he made to law enforcement that are subject to suppression. Accordingly, on the present state of the record, it is **RECOMMENDED** that defendant's "Preliminary Motion to Suppress," [Doc. 170], and "Preliminary Motion to Suppress Statements of Defendant," [Doc. 171], be **DENIED** as moot.[3]

### B. Preliminary Bruton Motion to Suppress Statements, [Doc. 173]

Defendant has moved pursuant to Bruton v. United States, 391 U.S. 123 (1968), to exclude from the trial any testimony concerning statements non-testifying co-

---

[3] Should defendant subsequently identify any evidence or statements that he contends are subject to suppression, he may seek leave to file a motion to suppress based on the newly discovered evidence.

3

defendants may have made to law enforcement implicating defendant. [Doc. 173]. At the pretrial conference, the prosecutor reported that the government did not intend to offer any testimony that would be implicated by Bruton. Consequently, it is **RECOMMENDED** that defendant's "Preliminary Bruton Motion to Suppress Statements of Non-Testifying Co-Defendants," [Doc. 173], be **DENIED** as moot.

### C. Motion for Production of Pre-sentence Reports, [Doc. 176]

Defendant moves the Court "to order the disclosure and production of any and all pre-sentence reports of all Government witnesses expected to testify at trial, or in the alternative the Defendant moves this Court to conduct an *in camera* hearing to determine the contents of the pre-sentence reports and whether they contain Brady or Giglio material." [Doc. 176 at 1]. At the pretrial conference, the prosecutor reported that the government was in the process of reviewing pre-sentence reports of potential witnesses and would notify the Court of any potential Brady or Giglio material it identifies and seek *in camera* review by the Court of any such materials for a determination of whether disclosure is required.

Under the Pretrial Scheduling Order, the government is already required to provide defendant with Brady and Giglio material, and since the government is reviewing the pre-sentence reports of potential witnesses and has represented that it will notify the Court of any potential Brady or Giglio material it identifies and seek *in camera* review by the Court of any such materials as necessary, the undersigned

finds that the government understands and is complying with its <u>Brady</u> and <u>Giglio</u> obligations, including with regard to pre-sentence reports, and defendant's motion for production of pre-sentence reports is due to be **DENIED** as moot.

**D. Motion for Production of Grand Jury Transcripts, [Doc. 177]**

Defendant moves for pre-trial production of all grand jury transcripts of government witnesses, [Doc. 177], but the parties reported at the pretrial conference that the Honorable Richard W. Story, the District Judge assigned to this case, has already ordered the government to produce grand jury transcripts of government witnesses, and the government reported that it was in the process of identifying and copying grand jury transcripts to be provided to counsel for all defendants. Accordingly, the motion for pre-trial production of all grand jury transcripts of government witnesses, [Doc. 177], is **DENIED** as moot.[4]

**E. Motion for Disclosure of Informants, [Doc. 178]**

Defendant seeks disclosure of the identity of all informants whom the government intends to call as witnesses at trial as well as related <u>Brady</u> and <u>Giglio</u> material. [Doc. 178]. At the pretrial conference, the prosecutor reported that certain individuals may be referred to in the discovery materials as confidential sources or informants, but that the identities of any such witnesses would be disclosed to

---

[4] To the extent defendant seeks reconsideration of Judge Story's ruling regarding the production of grand jury transcripts, his counsel indicated that he may present a motion for reconsideration to Judge Story.

defendant if not already apparent from the discovery materials. The prosecutor reiterated his understanding of his obligations under <u>Brady</u> and <u>Giglio</u> and will provide such material as required by the Pretrial Scheduling Order. Accordingly, defendant's "Motion for Disclosure of Informants and Pre-Trial Production of <u>Brady</u> and <u>Giglio</u> Material," [Doc. 178], is **DENIED**.

**F.  Motion for Bill of Particulars, [Doc. 175]**

Defendant seeks a bill of particulars with regard to Count One and the forfeiture provision of the indictment. [Doc. 175]. Specifically, defendant requests the following particulars with regard to the conspiracy charged in Count One:

[1]. State when, where, and with whom this Defendant did willfully combine, conspire, confederate, agree, aid, abet and counsel with others to commit a violation of the following statute: did unlawfully, knowingly and intentionally conspire together with one another and others known and unknown to possess more than five (5) kilograms of cocaine with intent to distribute in violation of 21 USC § 846, 21 USC § 841(a)(1) and 841(b)(1)(A)(ii).

[2]. State the name(s) and address(es) of all known and unindicted co-conspirators.

[3]. State the names of co-conspirators who acted as government agents.

[4]. State the persons present and the date when the Defendant and each unindicted co-conspirator allegedly joined the conspiracy.

[5]. State any and all overt acts that will be alleged against this defendant, even though not required under the present indictment, if they may be implied or used as proof in the actual trial, or required by superseding indictments.

[6]. State the method and means by which this Defendant committed any alleged offenses.

[7]. State any other locations known to the Government where any acts related to the conspiracy and to this Defendant charged in Count One occurred. See, Count One alleging that acts occurred in the Northern District of Georgia, the Eastern District of Arkansas, the Central District of California, the Western District of Missouri, the Eastern District of Missouri, the Eastern District of Pennsylvania, the District of New Jersey, and elsewhere.

[8]. Identify unnamed aiders and abettors known to the government.

[9]. State with specificity any and all acts done by this Defendant which support the charges against him, and the District in which they occurred.

[Id. at 3-4]. As to the forfeiture provision of the indictment, defendant seeks a bill of particulars specifying his property that is alleged to be subject to forfeiture. [Id. at 4-5].

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court "may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). "The purpose of a true bill of particulars is threefold: 'to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.'" United States v. Reddy, Criminal Action File No. 1:09-CR-0483-ODE/AJB, 2010 WL 3210842, at *5 (N.D. Ga. Apr. 5, 2010), adopted as modified by 2010 WL 3211029, at *1 (N.D. Ga. Aug. 11, 2010)

7

(quoting United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985) (citations omitted)); see also United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981); United States v. Zellner, Criminal Indictment No. 1:09-CR-320-TCB-GGB, 2011 WL 530718, at *9 (N.D. Ga. Jan. 14, 2011), adopted by United States v. Chester, Criminal Action File No. 1:09-cr-320-TCB-GGB, 2011 WL 529952, at *1 (N.D. Ga. Feb. 4, 2011). Generalized discovery is not a valid reason for seeking a bill of particulars, Colson, 662 F.2d at 1391; United States v. Davis, 582 F.2d 947, 951 (5th Cir. 1978),[5] and "[a] bill of particulars may not be used for the purpose of obtaining detailed disclosure of the government's case or evidence in advance of trial," Zellner, 2011 WL 530718, at *9 (citation omitted). Further, a defendant is not entitled to a bill of particulars describing information which is already evident from other sources, such as elsewhere in the indictment or in discovery. United States v. Rosenthal, 793 F.2d 1214, 1227 (11th Cir. 1986), modified on other grounds by 801 F.2d 378 (11th Cir. 1986); see also Reddy, 2010 WL 3210842, at *5.

"A bill of particulars may not be used to compel the government to provide the essential facts regarding the existence and formation of a conspiracy." Rosenthal, 793 F.2d at 1227. A bill of particulars cannot be used to ferret out additional overt acts not listed in the indictment, as long as the indictment alleges

---

[5] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent of the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

8

the required number of overt acts under the statute being charged. See id.; Colson, 662 F.2d at 1391; United States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978); United States v. Green, No. 1:08-CR-41-SPM/AK-2, 2009 WL 2589107, at *1 (N.D. Fla. Aug. 17, 2009). "As applied to a charge of conspiracy, . . . the view virtually universally held is that the defendant is not entitled to particulars regarding the formation of the conspiracy; [the] exact time and place of overt acts and the names and addresses of persons present; the details concerning how and when the conspiracy was formed or when each participant entered the conspiracy." United States v. Upton, 856 F. Supp. 727, 753 (E.D.N.Y. 1994) (citations omitted); see also United States v. Leiva-Portillo, No. 1:06-CR-350-WSD, 2007 WL 1706351, at *15 (N.D. Ga. June 12, 2007), adopted at *1 (citations omitted) ("Case law is . . . clear that the [g]overnment is not required to identify the exact dates or details of when a defendant or any conspirator joined or withdrew from a charged conspiracy, . . . , or specific acts or overt acts done in furtherance of a charged conspiracy by particular defendants.").

Defendant's request for the names of all known and unindicted co-conspirators and aiders and abettors is **GRANTED** pursuant to the Pretrial Scheduling Order and for the reasons stated on the record at the pretrial conference. Likewise, defendant's request to identify his property that the government alleges is subject to forfeiture is **GRANTED** as unopposed by the government for the reasons stated at the pretrial conference. As to the remaining particulars sought by

defendant, details regarding his alleged conduct in the conspiracy is beyond the proper scope of a bill of particulars. See United States v. Sherriff, 546 F.2d 604, 606 (5th Cir. 1977) (citations omitted) ("The purpose [of a bill of particulars] is not to provide detailed disclosure before trial of the Government's evidence."); Green, 2009 WL 2589107, at *1; United States v. White, 50 F.R.D. 70, 71-72 (N.D. Ga. 1970); see also United States v. Musick, 291 F. App'x 706, 724-25 (6th Cir. 2008) (unpublished) (citations omitted) ("A defendant is not entitled to a bill of particulars if the purpose of the bill is . . . to discover all of the overt acts that might be proven at trial."); United States v. Griesbeck, No. 10-20108-BC, 2011 WL 528579, at *4 (E.D. Mich. Feb. 8, 2011) (internal marks omitted) (finding defendant not entitled to information regarding the "precise nature, character and circumstances of any words uttered or acts engaged in" by him); United States v. Payne, No. 1:09-00009, 2010 WL 3081952, at *3 (M.D. Tenn. Aug. 6, 2010) (finding defendant not entitled to a list of the overt acts that the government alleges he committed in furtherance of the conspiracy); United States v. Henry, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994) (citations omitted) (noting that requests to know the "whens," "wheres," and "with whoms" of acts in conspiracy are routinely denied). Defendant has failed to specify how the detailed information requested is necessary to enable him to prepare his defense, avoid surprise, or plead double jeopardy in a subsequent proceeding. See United States

v. Gorel, 622 F.2d 100, 104 (5th Cir. 1979); United States v. Blitch, Criminal Action No. 5:08-CR-40(HL), 2009 WL 973359, at *5-6 (M.D. Ga. Apr. 9, 2009). Accordingly, defendant's remaining requests for particulars regarding the conspiracy charged in Count One are **DENIED**.

**G.  Motion to Sever, [Doc. 172]**

Defendant has filed a preliminary motion to sever asserting that it is "highly possible" that the defendants will present conflicting defenses at trial, that there appears to be a markedly different degree of culpability between him and his co-defendants, and that he believes the government will rely at trial upon evidence as to his co-defendants that would not be admissible against him if tried alone. [Doc. 172 at 2]. Defendant also asserts that should he elect not to testify at trial, yet his co-defendants do testify, there is "a very real possibility" that the testifying co-defendant's attorney will comment upon defendant's failure to testify, prejudicing him. [Id.]. Defendant further contends that if he is jointly tried with his co-defendants he will be prevented from presenting any exculpatory evidence that his co-defendants may possess if they elect to exercise their privilege against self-incrimination. [Id. at 2-3]. Finally, defendant maintains that joinder would deny him a fair trial because "the government is apt to introduce into evidence statements made by co-defendants which will incriminate not only the declarant, but also [defendant]." [Id. at 3].

Although it is uncontested that joinder is appropriate under Rule 8, the Court still has discretion under Rule 14(a) of the Federal Rules of Criminal Procedure to sever the defendants and order separate trials if it appears that consolidation of the charges would prejudice a defendant. Fed. R. Crim. P. 14(a); United States v. Kopituk, 690 F.2d 1289, 1314-15 (11th Cir. 1982). "In deciding a motion for severance, the Court must balance the right of a defendant to a fair trial against the public's interest in efficient and economic administration of justice." United States v. Denmark, No. 205CR71FTM33DNF, 2005 WL 2755987, at *2 (M.D. Fla. Oct. 25, 2005) (citation and internal marks omitted). "More specifically, the Eleventh Circuit has interpreted Rule 14 to require a [d]efendant seeking severance to demonstrate specific and compelling prejudice arising from a joint trial." Id. (citing United States v. Leavitt, 878 F.2d 1329, 1340 (11th Cir. 1989)). Defendant has not done so here.

Defendant suggests that it is "highly possible" that the defendants will present conflicting defenses at trial. However, the Eleventh Circuit has noted "that severance is rarely granted, even where the defendants rely upon mutually antagonistic defenses." United States v. Nelms, No. 3:09-CR-106-LSC, 2009 WL 4666868, at *4 (M.D. Ala. Dec. 2, 2009), adopted at *1 (citing United States v. Chavez, 584 F.3d 1354, 1360 (11th Cir. 2009)). That is, "[e]ven in cases where co-defendants have mutually exclusive defenses, a severance is rarely the remedy." Id. (citation omitted). "Because joint participants in a scheme often will point the finger at each

other to deflect guilt from themselves or will attempt to lessen the importance of their role, a certain amount of conflict among defendants is inherent in most multi-defendant trials." United States v. Bane, No. 8:09-cr-352-T-33MAP, 2010 WL 882913, at *2 (M.D. Fla. Mar. 5, 2010) (internal marks and citation omitted). Therefore, "[i]n order to justify severance . . . joined defendants must show that the conflict is of such magnitude that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." Id. (internal marks and citation omitted); see also United States v. Knowles, 66 F.3d 1146, 1159 (11th Cir. 1995). Indeed, "[t]he touchstone is whether a joint trial will result in prejudice that cannot be alleviated by any other means." United States v. Green, No. 1:08-CR-41-SPM/AK-2, 2009 WL 2589107, at *2 (N.D. Fla. Aug. 17, 2009) (citation omitted).

Defendant has failed to specify the nature of his defense, the defense of his co-defendants, how these defenses conflict, or how he would be prejudiced from a joint trial. "Thus, severance on the basis of antagonistic defenses is not warranted." Bane, 2010 WL 882913, at *3; see also United States v. Zellner, Criminal Indictment No. 1:09-CR-320-TCB-GGB, 2011 WL 530718, at *9 (N.D. Ga. Jan. 14, 2011), adopted by United States v. Chester, Criminal Action File No. 1:09-cr-320-TCB-GGB, 2011 WL 529952, at *1 (N.D. Ga. Feb. 4, 2011) (rejecting defendant's antagonistic defense argument where he presented no evidence of antagonistic defenses). "However, should mutually exclusive defenses develop at trial, 'the best solution in such

13

situations is not severance, but for the trial judge to issue proper limiting instructions.'" Bane, 2010 WL 882913, at *3 (quoting United States v. Blankenship, 382 F.3d 1110, 1125 n.27 (11th Cir. 2004)).

Defendant also argues for severance on the possibility that his co-defendants may provide exculpatory testimony. [Doc. 172 at 2-3]. The Eleventh Circuit utilizes a two-step analysis for ruling on severance motions based on exculpatory testimony. United States v. Cobb, 185 F.3d 1193, 1197 (11th Cir. 1999). "First, the defendant must demonstrate: '(1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the co-defendant would indeed have testified at a separate trial.'" United States v. Rasco, No. CR408-100, 2010 WL 2160836, at *9 (S.D. Ga. May 27, 2010) (quoting United States v. Novaton, 271 F.3d 968, 989 (11th Cir. 2001)). "If that showing is made, a court must then: '(1) examine the significance of the testimony in relation to the defendant's theory of the case; (2) assess the extent of prejudice caused by the absence of the testimony; (3) consider judicial administration and economy; and (4) give weight to the timeliness of the motion.'" Id. (quoting Novaton, 271 F.3d at 989).

Defendant has failed to satisfy the first step of the analysis "because [he has] pointed to no evidence of either [his] co-defendants' willingness to testify or the contents of that testimony." Id. Indeed, defendant "has not come close to satisfying

14

these requirements." United States v. Villaverde-Leyva, Criminal Action File No. 1:10-CR-035-RWS/AJB, 2010 WL 5579825, at *18 (N.D. Ga. Dec. 9, 2010), adopted by 2011 WL 121932, at *1 (N.D. Ga. Jan. 14, 2011). Consequently, defendant "has not met [his] heavy burden of demonstrating compelling prejudice resulting from the denial of [his] motion to sever." United States v. Arneth, 294 F. App'x 448, 452 (11th Cir. 2008) (per curiam) (unpublished).

Defendant further suggests that severance is warranted due to the possibility of guilt transference, resulting from evidence that may be produced at trial against the co-defendants that are unrelated to his alleged conduct. [Doc. 172 at 2]. While a defendant "can show compelling prejudice by demonstrating that the jury would not be able to separate the evidence relevant to each count and each defendant, . . . instructions to the jury which require the jury to consider the evidence separately as to each defendant and count have been held to be adequate safeguards against prejudice due to joinder." Denmark, 2005 WL 2755987, at *2-3 (citing Kopituk, 690 F.2d at 1320). Furthermore, "severance is not required if some evidence is admissible against some defendants and not others and a defendant is not entitled to severance because the proof is greater against a co-defendant." United States v. Jones, No. 1:06-CR-140, 2007 WL 712420, at *4 (E.D. Tenn. Mar. 6, 2007) (citations and internal marks omitted); see also United States v. Locascio, 6 F.3d 924, 947 (2d Cir. 1993) (citations omitted) ("[J]oint trials involving defendants who are only

marginally involved alongside those heavily involved are constitutionally permissible.").

Although not clearly articulated, defendant appears to contend that there is a potential Bruton issue should the defendants be jointly tried, but as noted earlier, the government reported at the pretrial conference that it did not intend to present any testimony that implicates Bruton nor has defendant identified any specific statement or testimony that may be offered at trial that implicates Bruton.[6]  Thus, defendant "has not carried his burden of demonstrating a problem under Bruton," and "severance on this basis is not supported by the existing record." United States v. Wilson, No. 10-60102-CR, 2010 WL 2609429, at *8 (S.D. Fla. June 5, 2010), adopted by 2010 WL 2612341, at *1 (S.D. Fla. June 25, 2010); see also Bane, 2010 WL 882913, at *3.  Because defendant has failed to establish compelling prejudice such that the Court should exercise its discretion and grant a severance, his "Preliminary Motion to Sever," [Doc. 172], is **DENIED**.

**H.  Motion to Dismiss for Lack of Venue, [Doc. 179]**

Finally, defendant moves to dismiss for lack of venue because Count One of the indictment does not include any overt acts alleged to have occurred in any

---

[6] As for defendant's argument that he may be prejudiced if one or more of his co-defendants testifies but he elects not to testify, this concern can be adequately addressed through jury instructions and does not require severance.  See United States v. Stokes, Criminal No. 10-00244-04-CR-W-DW, 2011 WL 1585601, at *1 (W.D. Mo. Apr. 25, 2011) (rejecting similar argument).

district listed in the indictment. [Doc. 170 at 2]. Count One of the indictment specifically charges:

> Beginning on a date unknown to the Grand Jury, but at least by in or about January 2003, and continuing through on or about June 8, 2010, in the Northern District of Georgia, the Eastern District of Arkansas, the Central District of California, the Western District of Missouri, the Eastern District of Missouri, the Eastern District of Pennsylvania, the District of New Jersey and elsewhere, the defendants . . . did knowingly and intentionally combine, conspire, confederate, and agree, and reach a tacit understanding with each other and others known and unknown to the Grand Jury, to commit violations of Title 21, United States Code, Section 841(a)(1), that is, to knowingly and intentionally possess with the intent to distribute a controlled substance, said conspiracy involving at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 846 and 841 (b) (1) (A) (ii) .

[Doc. 1 at 1-2].

While defendant correctly points out that Count One does not include any overt acts alleged to have occurred in this district, "the government need not allege or prove an overt act in a conspiracy prosecution such as this one brought under 21 U.S.C. § 846." United States v. Ramos, 666 F.2d 469, 475 (11th Cir. 1982) (citations omitted). "[A]lthough separate proof of an overt act is not a necessary element of a drug conspiracy under 21 U.S.C. § 846, venue is proper in a conspiracy case in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators." United States v. Romero, 150 F.3d 821, 824 (8th Cir. 1998) (citations and internal marks omitted). Count One of the indictment alleges

that the defendants conspired to possess with the intent to distribute cocaine in the Northern District of Georgia, among other districts, and that allegation is sufficient for the case to proceed to trial where the government will bear the burden of proving venue by a preponderance of the evidence.[7]  United States v. Snipes, 611 F.3d 855, 866 (11th Cir. 2010); United States v. Barnes, 681 F.2d 717, 722 (11th Cir. 1982); United States v. Gotti, 593 F. Supp. 2d 1260, 1267 (M.D. Fla. 2008) ("The Middle District of Florida is indisputably a 'proper' venue for the alleged RICO conspiracy because the indictment alleges that a part of the crime occurred in the Middle District of Florida.").  Thus, it is **RECOMMENDED** that defendant's "Motion to Dismiss for Lack of Venue," [Doc. 179], be **DENIED**.

### III. CONCLUSION

For the reasons stated herein and on the record at the pretrial conference, defendant's "Preliminary Motion to Sever," [Doc. 172], "Motion for Production of Presentence Reports of Government Witnesses," [Doc. 176], "Motion for Pre-Trial Production of Grand Jury Transcripts of Government Witnesses," [Doc. 177], and "Motion for Disclosure of Informants and Pre-Trial Production of Brady and Giglio Material," [Doc. 178], are **DENIED**, defendant's "Motion for Bill of Particulars," [Doc. 175], is **GRANTED IN PART** and **DENIED IN PART**, and it is

---

[7] At the pretrial conference, the prosecutor proffered evidence that the government intends to offer at trial that would establish venue in the Northern District of Georgia.

**RECOMMENDED** that defendant's "Preliminary Motion to Suppress," [Doc. 170], "Preliminary Motion to Suppress Statements of Defendant," [Doc. 171], and "Preliminary Bruton Motion to Suppress Statements of Non-Testifying Co-Defendants," [Doc. 173], be **DENIED** as moot, and that defendant's "Motion to Dismiss for Lack of Venue," [Doc. 179], be **DENIED.**[8]

**IT IS ORDERED** and **ADJUDGED** that this action be and the same is hereby, certified Ready for Trial as to defendant Lloyd Ellis.[9]

**IT IS SO ORDERED**, this 14th day of December, 2012.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

[8] As noted earlier, three motions *in limine* filed by the parties, [Docs. 151, 174 & 180], were deferred to the District Judge.

[9] The case has previously been certified as ready for trial as to the other defendants scheduled for trial on January 7, 2013.  See [Doc. 124].